<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 14a0099n.06

No. 13-5572

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Feb 04, 2014 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| ROBERT DESTEFANO, | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| Defendant-Appellant. | ) | TENNESSEE |
| | ) | |
| | ) | |

BEFORE: COLE and ROGERS, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Robert Destefano appeals the district court's imposition of a special condition of supervised release allowing the probation officer's search of his computers with the district court's pre-approval. Because Destefano's challenge is not ripe for review, we dismiss his appeal without prejudice.

Destefano pleaded guilty to possessing a firearm—a sawed-off shotgun—not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. While awaiting sentencing, Destefano failed to comply with the conditions of his pretrial release by failing to cooperate with the probation officer and preventing that officer from performing her duties, possessing dangerous weapons, and reporting to the probation office intoxicated. Destefano's non-compliance resulted in his arrest and detention pending sentencing. Based on Destefano's conduct during pretrial supervision, the district court

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

denied his request for probation and sentenced him to thirty months of imprisonment followed by three years of supervised release. As a result of Destefano's conduct during pretrial supervision, the district court imposed the following special condition of supervision:

> The defendant shall submit his person, residence, office, vehicle and/or any computer system including computer data storage media, or any electronic device capable of storing, retrieving, and/or accessing data to which they have access or control, to a search, from time to time, conducted by any United States Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant. Any search of the defendant's computers has to be pre-approved by order of the Court. The defendant shall warn other residents or occupants that such premises, vehicles or electronic devices may be subject to searches pursuant to this conditions [sic].

(Judgment 4). Destefano appeals the part of this special condition that allows the probation officer to search his computers with the district court's pre-approval.

The government contends that Destefano's challenge to this special condition is not ripe for review. We have "held that conditions of supervised release may be ripe for appellate review immediately following their imposition at sentence." *United States v. Lee*, 502 F.3d 447, 449-50 (6th Cir. 2007). "Nonetheless, we have occasionally found a defendant's challenge to a supervised release condition unripe where the challenged condition was potential, rather than mandatory." *United States v. Zobel*, 696 F.3d 558, 573 (6th Cir. 2012), *cert. denied*, 134 S. Ct. 157 (2013); *see United States v. Evers*, 669 F.3d 645, 662 (6th Cir. 2012); *Lee*, 502 F.3d at 450-51; *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985) (an unripe claim involves "contingent future events that may not occur as anticipated, or indeed may not occur at all"). As the government correctly points out, "[a] computer search is neither mandatory nor inevitable." Appellee's Br. 10. The probation officer may never seek the district court's approval to search Destefano's computers, and the district court, if asked, may never grant such approval. Given that the district court may never grant approval for a search of Destefano's

computers, his challenge to the special condition is based on "mere conjecture," and not yet ripe

for review.  *Lee*, 502 F.3d at 450.

Accordingly, we dismiss Destefano's appeal without prejudice.